MICHAEL C. ROBINSON, ESQ.      [SBN 120308]
mrobinson@rdwlaw.com
**ROBINSON DI LANDO**
A Professional Law Corporation
800 Wilshire Boulevard, Suite 750
Los Angeles, CA 90017
(213) 229-0100 - telephone
(213) 229-0114 - facsimile

LISA KRALIK HANSEN, ESQ.      [SBN 149455]
lisa@cochranlaw1.com
**COCHRAN, DAVIS & ASSOCIATES, P.C.**
36 Malaga Cove Plaza, Suite 206
Palos Verdes Estates, CA 90274
(310) 373-0900 - telephone
(310) 373-0244 - facsimile

**Attorneys for Plaintiffs,**
**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**
**SUBSCRIBING TO POLICY NUMBER N330039 12 55008**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER N330039 12 55008, <br><br> Plaintiffs, <br><br> v. <br><br> AMCO INSURANCE COMPANY, an Iowa corporation, ALLIED INSURANCE COMPANY, an Iowa corporation, and ALLIED PROPERTY AND CASUALTY INSURANCE | Case No.:  2:16-cv-08190 <br><br> **COMPLAINT FOR:** <br> 1. **EQUITABLE CONTRIBUTION;** <br> 2. **EQUITABLE INDEMNITY;** <br> 3. **EQUITABLE SUBROGATION;** <br> 4. **BREACH OF INSURANCE CONTRACT;** <br> 5. **BREACH OF THE IMPLIED COVENANT OF GOOD** |

COMPANY, an Iowa corporation,  )      **FAITH AND FAIR DEALING;**
                               )  **6.  DECLARATORY RELIEF;**
            Defendants.        )
                               )  **DEMAND FOR JURY TRIAL**
_____ )

Plaintiffs CERTAIN UNDERWRITERS AT LLOYD'S, LONDON

SUBSCRIBING TO POLICY NUMBER N330039 12 55008 ("Underwriters" or

"Plaintiffs") allege against Defendants and each of them:

## JURISDICTION

1.     The Court has original jurisdiction under 28 U.S.C. § 1332, in that this

is a civil action between citizens of a foreign state (with no Lloyd's syndicate

member being a citizen of the State of Iowa) and citizens of the State of Iowa in

the United States in which the matter in controversy exceeds, exclusive of costs

and interest, $75,000.

2.     Underwriters issued an Employment Practices Liability ("EPL")

Insurance policy to B&G Development, policy number N330039 12 55008, for the

period of August 1, 2012 to August 1, 2013.  A true and correct copy of the EPL

insurance policy issued by Underwriters to B&G Development is attached hereto

as Exhibit 1 and incorporated herein by reference as if set forth in full.

3.     There are eight syndicates which subscribed to the EPL policy issued

by Underwriters to B&G Development, which are business entities formed under

and existing by virtue of the laws of the United Kingdom, each with their principal

place of business in London, England:

| **Number** | **Name** |
|------------|----------|
| 2488 | Chubb/ACE European Group |
| 0435 | Faraday |
| 4020 | Ark Insurance Group |
| 0727 | S A Meacock and Company Limited |
| 2001 | Amlin plc |
| 1084 | Chaucer Syndicates |
| 0609 | Atrium Underwriting Group Limited |
| 2791 | Managing Agency Partners, Ltd. |

4.     No member of any of the above-listed subscribing Lloyd's syndicates to the EPL policy is a citizen of the State of Iowa.

5.     Defendant AMCO Insurance Company is an Iowa corporation with its principal place of business in Des Moines, Illinois.  AMCO issued a commercial package insurance ("CGL") policy to B&G Development, policy number ACP 7852624345, for the policy period of April 1, 2012 to April 1, 2013.  A true and correct copy of the AMCO CGL policy is attached hereto as Exhibit 2 and incorporated herein by reference as is set forth in full.

6.     Defendant Allied Property & Casualty Insurance Company is an Iowa corporation with its principal place of business in Des Moines, Iowa.  Underwriters

are informed and believe, and on that basis allege, that Defendant Allied Property & Casualty Insurance Company is or may be in some respect also an insurer of B&G.

7.     Defendant Allied Insurance Company is the trade name and/or entity which is referenced on the AMCO policy issued to B&G Development and the entity which signed the Settlement Agreement in the Underlying Action. Underwriters are informed and believe, and on that basis allege, that Defendant Allied Insurance Company is as Iowa corporation with its principal place of business in Des Moines, Iowa.

8.     The amount in controversy is more than $75,000 exclusive of interest and costs.  Plaintiffs seek from Defendants in excess of one million dollars paid in partial satisfaction of the judgment in the Underlying Action, with such judgment being in the amount of $4,693,832 plus interest.

## GENERAL ALLEGATIONS

9.     On or about November 26, 2012, Elizabeth Brandt filed her lawsuit against Burger King #4413 and KJM Investments Corporation, captioned *Elizabeth Brandt v. Burger King #4413, et al.,*  Los Angeles Superior Court Case No. NC058352 ("Underlying Action"), alleging causes of action for:  (1) negligence – premises liability; (2) denial of civil rights of a disabled person in violation of Title III of the ADA and California statutes (Civil Code § 54, 54.1; Health & Safety

Code § 1955, et seq.; Code of Regulations, Title 24); and (3) denial of civil rights of a disabled person in violation (violation of the Americans with Disabilities Act of 1990 – 42 U.S.C. § 12101 et seq.).  Each of the causes of action asserted in the Complaint in the Underlying Action sought "bodily injury" damages caused by an accident.  A true and correct copy of the Complaint in the Underlying Action is attached hereto as Exhibit 3 and incorporated by reference herein as if set forth in full.

10.    Named insured B&G Development dba Burger King #4413 ("B&G") tendered the defense and indemnity of the Underlying Action to AMCO/Allied under the CGL policy.  AMCO/Allied accepted the defense of the Underlying Action under a reservation of rights.  AMCO/Allied appointed the law firm of Horton, Oberrecht, Kirkpatrick & Martha to defend B&G against the Underlying Action. AMCO/Allied failed to offer independent counsel to its insured when the insured was entitled to such counsel and AMCO/Allied allowed appointed counsel to create a conflict in coverage as an excuse not to settle the entire Underlying Action.

11.    AMCO issued a policy of Commercial General Liability and Commercial Umbrella liability insurance (collectively "the CGL policy") to B&G Development which was in full force and effect at the time of the underlying incident involving Elizabeth Brandt ("Brandt") being injured after falling off a

curb while being pushed by her companion outside a Burger King franchise located in Long Beach, California, which was operated by B&G.  Brandt alleged she was injured on April 8, 2012, when she was an invitee on the Burger King premises, located at 4542 E. Pacific Coast Highway in Long Beach, California, due to a dangerous condition of the premises.  The CGL policy is an "Allied Insurance Company COMMERCIAL PACKAGE policy" with both Premier Businessowners and Commercial Umbrella Liability coverages apparently underwritten by AMCO on paper that refers to both Allied and AMCO.  The Declarations of the CGL policy show limits of $1,000,000 for Liability Coverage per occurrence and $5,000,000 in Excess Follow Form Liability Insurance and Umbrella Liability Insurance.

12.     The AMCO/Allied CGL policy provides coverage for all sums the insured is legally obligated to pay because of "bodily injury" caused by an accident which occurred during the policy period.  Brandt sustained "bodily injury" during the policy period of the AMCO/Allied CGL policy, under the terms of the Insuring Agreement of the AMCO/Allied CGL policy.

13.     During the pendency of the Underlying Action, Brandt made settlement demands to B&G within the limits of the AMCO/Allied CGL policy.  On March 20, 2014, Brandt made a written settlement demand in the amount of $950,000 to settle all claims in the Underlying Action.  A true and correct copy of

the demand of $950,000 is attached hereto as Exhibit 4 and incorporated herein as if set forth in full.  AMCO/Allied refused to accept this settlement demand within its policy limits and wrongfully put its insureds at risk for personal exposure by failing to settle.

14.    B&G, in order to avoid personal risk, on or about March 24, 2014, entered into a Settlement Agreement and Release of the Underlying Action with Brandt and AMCO/Allied.  A copy of the Settlement Agreement and Partial Release is attached hereto as Exhibit 5 and incorporated herein by reference as if set forth in full.  In that Settlement Agreement, Allied agreed to pay Brandt $280,000 in settlement of all claims except the Unruh Act claims (a defined term in that Settlement Agreement) and potential relief based on the statutes, including attorney fees.  B&G agreed to pay Brandt $70,000 as partial payment on the Unruh Act claim.  B&G agreed, based upon the statements by AMCO/Allied that the claims were not covered in full, contrary to California law, that "settlement of the negligence claim extinguishes any duty of ALLIED to provide a defense in the UNRUH ACT claim."  The preserved claims, nevertheless, were still for bodily injury arising from an accident. As part of the partial settlement in the Underlying Action, Brandt and B&G agreed to submit the preserved claims to binding arbitration before Hon. John K. Trotter of JAMS pursuant to a California Code of Civil Procedure § 638 reference.

15.   As part of the Partial Settlement Agreement in the Underlying Action, the payment of $280,000 by AMCO/Allied was only a conditional payment for which AMCO/Allied has the right to be reimbursed upon recovery by Brandt against Underwriters as if that money was never paid to settle out the claim.

16.   The binding arbitration pursuant to judicial reference took place on April 14, 2014, with the Final Award rendered on June 19, 2014, in the amount of $5,043,832.  A true and correct copy of the Final Award is attached hereto as Exhibit 6, and incorporated herein by reference as if set forth in full. Brandt then filed a Petition to Confirm Arbitration Award requesting the Los Angeles Superior Court deduct the settlement amount of $350,000 for a net arbitration award of $4,693,832, and enter judgment accordingly.  Judgment was then entered in the amount of $4,693,832 in favor of Brandt and against B&G and its sole proprietors Chris and Virginia Bredesen.  A true and correct copy of the Petition to Confirm Arbitration Award is attached hereto as Exhibit 7 and incorporated herein by reference as if set forth in full. A true and correct copy of the Notice of Entry of Judgment, filed November 3, 2014, is attached hereto as Exhibit 8 and is incorporated herein by reference as if set forth in full.

17.   On or about April 30, 2015, Elizabeth Brandt filed a lawsuit against Underwriters alleging Underwriters were also an insurer of B&G for the bodily injury claim and seeking to recover on the $4.6 million judgment she obtained

against B&G Development and Chris and Virginia Bredesen, pursuant to the partial assignment of rights to her as part of the Partial Settlement Agreement in the Underlying Action.

18.     On or about May 7, 2015, Chris and Virginia Bredesen filed a lawsuit against Underwriters alleging breach of insurance contract and breach of the implied covenant of good faith and fair dealing on their unassigned claims of emotional distress and punitive damages.  Those two lawsuits against Underwriters were later consolidated into a single lawsuit.

19.     Underwriters, as an alleged insurer of B&G for the bodily injury claim, in settlement of the above-referenced lawsuits, have agreed to pay more than their fair share of the judgment by paying sums in excess of $1,000,000 in partial satisfaction of the judgment Brandt obtained against B&G Development and the Bredesens.  Those monies paid or to be paid by Underwriters in partial satisfaction of the judgment entered against B&G and the Bredesens are now being sought against AMCO/Allied in this action.

20.     Underwriters have obtained an assignment of rights from Brandt to any and all rights she has with regard to the judgment in the Underlying Action, including any unpaid portion of the judgment in the Underlying Action plus interest thereon.

21.     Underwriters have obtained an assignment of rights from B&G and Chris and Virginia Bredesen of any and all rights they have and/or which B&G has as against AMCO/Allied arising out of the Elizabeth Brandt claim and the Underlying Action, including specifically claims for breach of insurance contract and breach of the implied covenant of good faith and fair dealing against AMCO/Allied.

## FIRST CLAIM FOR RELIEF

### (Equitable Contribution Against All Defendants)

22.     Plaintiffs reallege as though fully set forth herein and incorporate herein by reference paragraphs 1 through 21 of this Complaint.

23.     Plaintiffs and Defendants are insurance companies which issued policies of insurance to mutual insured, B&G Development.   Defendants acknowledged and agreed they owed the mutual insured a duty to defend the entire Underlying Action and to indemnify the bodily injury claim. The Underlying Action was both potentially and actually covered under the CGL insurance policy issued by Defendants as Brandt sought significant damages for her bodily injuries sustained in a fall from her wheelchair at the Burger King, under various theories of recovery.  The claims asserted by Brandt in the Underlying Action were for her fall from her wheelchair, her broken neck, two neck surgeries, being bed ridden as a result of the fall, and the change in her life after the fall at the Burger King.

Regardless of the theory of recovery pursued by Brandt, or the label of her causes of action, Brandt sought to recover monetary damages against B&G for her significant bodily injuries which were damages actually covered under the CGL policy issued by Defendants to B&G Development.

24.    The judgment obtained in the Underlying Action awarded Brandt her actual damages in the amount of $5,000,000, then reduced to $4,693,832, for the following, in part, as determined by Hon. John Trotter:

> Plaintiff's expert, orthopedic surgeon Dr. Larson, opined that her fall caused a cervical fracture (broken neck) which resulted in her two neck surgeries . . . . I find a preponderance of the evidence supports Plaintiff's position. It is uncontested that the actual medical bills are $68,810, and that Plaintiff is now bed ridden and confined to a nursing home full time. Plaintiff notes that her life expectancy per the National Vital Statistics Report is 13.3 years. Defendant offered no testimony as to her potential life expectancy. I find that Plaintiff's claimed injuries and present condition are a direct proximate cause of her fall.
>
> * * *
>
> Plaintiff is awarded the sum of Five Million Dollars ($5,000,000.00) as and for all her medical and other expenses past, present and future as well as for all claimed pain and suffering or other such requested relief.  (Final Award, Ex. 6 hereto)

25.    AMCO/Allied only paid $280,000 of the available $6,000,000 in policy limits toward partial settlement of the Underlying Action.  AMCO/Allied's payment was contingent upon the ability to obtain recovery of that entire amount should Brandt prevail in her claims against Underwriters.  With recovery by Brandt against Underwriters, AMCO/Allied could end up not paying anything under the

CGL policy issued to B&G Development despite AMCO/Allied's acknowledgement it had a duty to defend the entire Underlying Action and the fact that Brandt sought significant damages for her claims of "bodily injury" caused by an occurrence to give rise to the duty to indemnify under the terms of the CGL policy issued by AMCO/Allied to B&G Development.

26.     Underwriters paid a portion of the judgment Brandt obtained against B&G in the Underlying Action far in excess of Underwriters' policy limits and in excess of their proportionate or fair share of such judgment or any indemnity owing to B&G/Bredesens compared to AMCO/Allied's indemnity obligation and policy limits.  AMCO/Allied cannot foist its insuring agreement obligations onto Underwriters and immunize itself from contribution on the claim by entering into an agreement with its insured.

27.     Underwriters seek to have the equities weighed between and among Underwriters and AMCO/Allied as to the amount each insurer is responsible to pay on the judgment Brandt obtained against the mutual insured, B&G Development, so that the responsibility for payment of the judgment is distributed between and among Underwriters and AMCO/Allied.  As Underwriters are seeking an allocation of indemnity between themselves and Defendants, Underwriters are seeking a determination that Defendants are liable for contribution to Underwriters up to their policy limits.  Moreover, the respective limits of the EPL and CGL

policies further show that any allocation of the payment of the judgment can and should take into consideration the fact that the EPL policy has $1,000,000 in limits whereas the CGL policy has limits of $6,000,000.

## SECOND CLAIM FOR RELIEF

### (Equitable Indemnity Against All Defendants)

28.     Plaintiffs reallege as though fully set forth herein and incorporate herein by reference paragraphs 1 through 27 of this Complaint.

29.     Underwriters have paid a debt for which Defendants are primarily liable and which, in equity and good conscience, should have been paid in full by Defendants.

30.     Defendants' conditional payment of $280,000 toward settlement, with the ability to get all of that money back, failed to pay Defendants' portion of the liability of the mutual insured, B&G Development, and failed to pay Defendants' portion of the judgment in the Underlying Action in the amount of $4,693,832 plus interest per year since October 2014.

31.     Underwriters paid a significant portion of the judgment entered against the mutual insured in the Underlying Action. The settlement monies paid by Underwriters were not payments made for Underwriters' own alleged breach of contract or breach of the implied covenant of good faith and fair dealing, but

instead were payments made in partial satisfaction of the judgment Brandt obtained against B&G/Bredesens.

## THIRD CLAIM FOR RELIEF

### (Equitable Subrogation Against All Defendants)

32.     Plaintiffs reallege as though fully set forth herein and incorporate herein by reference paragraphs 1 through 31 of this Complaint.

33.     The mutual insured suffered a loss for which Defendants are liable, as Defendants owe coverage for the "bodily injury" which Brandt sought in the Underlying Action regardless of the label of the cause of action or the theory of recovery.

34.     Said loss of the mutual insured was not one for which Underwriters were primarily liable.  Underwriters, nonetheless, have paid sums in partial satisfaction of the judgment in the Underlying Action to protect their own interests and have not done so as a volunteer, having been sued by both Brandt and B&G/Bredesens for insurance coverage for such judgment.

35.     The mutual insured has an existing, assignable cause of action against the Defendants which the mutual insured could have asserted on its/their own benefit had it/they not been compensated, in part, for the loss by Underwriters and had the mutual insured not assigned to Underwriters any and all rights to pursue Defendants.

36.     Underwriters have suffered damages caused by the acts or omissions of Defendants, such that justice requires that the loss for the judgment in the Underlying Action plus interest be entirely shifted from Underwriters to Defendants.  Underwriters have paid the judgment in part and have an assignment for the unpaid portion of the judgment.  The damages being sought are, therefore, in a liquidated sum.

37.     In addition, to the extent the Underwriters' EPL policy provides any coverage for the judgment in the Underlying Action, it is only up to the amount of the limits of the EPL policy which are $1,000,000.

38.     Underwriters have paid in excess of their policy limits in partial satisfaction of the judgment in the Underlying Action and have an assignment from Brandt for the remaining unpaid portion of the judgment, for which AMCO/Allied have the obligation to indemnify B&G/Bredesens under the CGL policy.

39.     The equitable positions of the parties require that AMCO/Allied pay the full amount of the judgment in the Underlying Action and reimburse Underwriters for the portions paid toward satisfaction of the judgment.

40.     Equity and good conscience require that AMCO/Allied reimburse Underwriters for any amounts of the judgment paid by Underwriters and that AMCO/Allied be required to pay any outstanding amount of the judgment in the Underlying Action which remains unpaid.  Underwriters were required to pay a

portion of the judgment due to AMCO/Allied's bad faith refusal to accept the

settlement demand within policy limits in the Underlying Action and their refusal

to fund more than $280,000 toward the settlement of all claims in the Underlying

Action.

## FOURTH CLAIM FOR RELIEF

### (Breach of Insurance Contract Against All Defendants)

41.     Plaintiffs reallege as though fully set forth herein and incorporate

herein by reference paragraphs 1 through 40 of this Complaint.

42.     AMCO/Allied issued a CGL policy to B&G Development which

insured B&G Development and Chris and Virginia Bredesen up to $6,000,000 for

claims of "bodily injury" arising out of an "occurrence," defined as an "accident."

In the Underlying Action, Elizabeth Brandt alleged "bodily injury" arising out of

an accident, giving rise to both potential and actual coverage under the terms of the

CGL policy for all claims asserted despite the label of the cause of action or the

theory of recovery for such "bodily injury" damages.

43.     AMCO/Allied failed to fulfill its duty to defend B&G Development

and the Bredesens through conclusion of the Underlying Action, instead defending

them only up until the Settlement Agreement (Ex. 5) was entered into and by

paying only $280,000 in exchange for a purported (but contested) extinguishment

of AMCO/Allied's continuing duty to defend B&G/Bredesens.

44.     AMCO/Allied breached the CGL policy and the duties imposed thereby by failing to settle and thereafter pay the resulting judgment of $4,693,832 plus interest.

## FIFTH CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing Against All Defendants)

45.     Plaintiffs reallege as though fully set forth herein and incorporate herein by reference paragraphs 1 through 44 of this Complaint.

46.     B&G Development paid all the premiums and performed all obligations imposed upon it under the CGL policy issued by AMCO/Allied to B&G Development.

47.     AMCO/Allied was defending B&G Development and the Bredesens against the Underlying Action pursuant to a reservation of rights.  In breach of the continuing obligation to defend the Underlying Action to conclusion, AMCO/Allied agreed to allow its duty to defend to be "extinguished" with the Partial Settlement Agreement entered into in March 2014.  Thereafter, AMCO/Allied breached its duty to fully and completely defend its insureds against the Underlying Action by leaving them with no defense for the continued ongoing Underlying Action and binding arbitration which involved claims for "bodily injury" caused by an accident.   Doing so forced AMCO/Allied's insureds to hire

counsel to defend themselves in the binding arbitration and incur over $74,000 in defense fees and costs which should have been borne solely and completely by Defendants.

48.     AMCO/Allied had a duty under the CGL policy to settle and to indemnify B&G Development for any portion of the judgment in the Underlying Action up to the full policy limits of the CGL policy.  In breach of this obligation, Defendants failed to make payment over $280,000 toward settlement of the Underlying Action, failed to settle in response to the demand of $950,000 in March 2014, and have failed to make any further payment toward satisfaction of the judgment entered against B&G/Bredesens.

49.     AMCO/Allied breached the implied covenant of good faith and fair dealing owed to B&G/Bredesens under the CGL policy by:

a.      Failing to appoint independent counsel to represent B&G/Bredesens pursuant to California Civil Code § 2860;

b.      Failing to fully defend the insureds against all claims in the Underlying Action to conclusion of the Underlying Action;

c.      Allowing its continuing duty to defend to be "extinguished" as part of the partial settlement in the Underlying Action;

d.      Unreasonably denying coverage for the second and third causes of action asserted in the Complaint in the Underlying Action;

e.      Failing to adopt and implement reasonable standards for the prompt investigation and processing of insurance claims;

f.      Failing to promptly and properly investigate all of the facts and circumstances alleged by Ms. Brandt in the Underlying Action;

g.      Refusing to compensate the insureds for the defense fees and costs they incurred and paid to continue to defend the Underlying Action;

h.      Failing to fund a reasonable settlement within policy limits;

i.      Interpreting policy terms in an unreasonable manner, and in a manner inconsistent with California law, solely in an effort to avoid providing insurance policy benefits to the insureds for which the insureds paid and were entitled to under the CGL policy;

j.      Misrepresenting to the insureds the coverage afforded to them under the CGL policy and concealing from them benefits to which they should have been entitled to as the insureds;

k.      Failing to provide promptly a reasonable explanation of the basis relied on in the CGL insurance policy, in relation to the facts or applicable law, for the denial of the insurance policy benefits;

l.      Acting contrary to Defendants' own operating manuals, claims manuals, and written guidelines for claims handling, which were required to be written in conformity with California law;

m.   Establishing and following a claims procedure which was calculated and intended to "justify" the denial or the low dollars paid in settlement of clearly covered claims and a significant claim; and

n.   Unjustly enriching itself at the insureds' expense by refusing to accept full coverage for the claim and/or the reasonable settlement demand with policy limits.

50.   On March 20, 2014, the underlying plaintiff Elizabeth Brandt made a demand to settle all claims in the Underlying Action for $950,000 (Ex. 4). AMCO/Allied failed to and refused to accept this demand within its policy limits to settle all claims being made against its insureds.  Thereafter, a binding arbitration award and judgment were entered against B&G Development and the Bredesens in the amount of over $4.6 million.

51.   As a direct, legal and proximate result of Defendants' tortious breach of the implied covenant of good faith and fair dealing, B&G Development and the Bredesens have suffered consequential damages and have assigned such claims to Plaintiffs, in amounts to be proved at time of trial.

52.   As a further direct, proximate and legal result of the foregoing conduct on the part of Defendants and under the terms of the assignment from B&G/Bredesens to Underwriters, Underwriters are entitled to recover additional special and consequential damages in amounts to be proved at time of trial,

including without limitation the attorney fees and costs incurred in this action

pursuant to *Brandt v. Superior Court*, 37 Cal.3d 813 (1985), in obtaining the policy

benefits to which B&G Development and the Bredesens were entitled to under the

terms of the AMCO/Allied CGL policy.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Relief Against All Defendants)

53.    Plaintiffs reallege as though fully set forth herein and incorporate

herein by reference paragraphs 1 through 52 of this Complaint.

54.    An actual controversy has arisen and now exists with regard to both

the potential and actual coverage under the AMCO/Allied policy for the

Underlying Action and the resulting judgment in the Underlying Action.

55.    An actual controversy has arisen and now exists relating to the legal

rights and duties of the parties hereto regarding AMCO/Allied's duty to defend, the

artificial attempt to extinguish AMCO/Allied's duty to defend before the entire

Underlying Action was concluded which is contrary to California law,

AMCO/Allied's failure to accept the settlement demand within policy limits, and

AMCO/Allied paying only $280,000 of its policy limits in settlement under the

CGL policy issued to B&G.  Underwriters contend that AMCO/Allied was

obligated to fully and completely defend B&G against both covered and uncovered

claims asserted by Brandt in the Underlying Action up through conclusion of that

action, in accord with California law.  Underwriters further contend that AMCO/Allied was obligated to pay its full policy limits in settlement of the Underlying Action, as opposed to the sum of $280,000 which AMCO/Allied has the right to get back from Brandt.  Underwriters further contend that the insuring agreement of the AMCO/Allied policy obligated AMCO/Allied to cover the entire Underlying Action and the judgment regardless of the theory of liability or label of the cause of action, as Brandt was seeking in all causes of action damages for her "bodily injury."

56.     An actual controversy has arisen and now exists relating to the legal rights and duties of the parties hereto regarding whether there is any potential or actual coverage under the Underwriters' EPL policy and under the AMCO/Allied CGL policy, and whether one or both insurers had the obligation to defend B&G against the Underlying Action through conclusion of the Underlying Action. There is an actual controversy over whether AMCO/Allied can do what it did in the Settlement Agreement to pay less than policy limits to artificially attempt to extinguish its continuing duty to defend, with the ability to recoup all such sums allegedly paid in indemnity, all to the detriment of Underwriters in collusion with Brandt and B&G to set up a "bad faith" scenario against Underwriters. There is an actual and present controversy pertaining to Defendants' obligation to pay all or some of the judgment in the Underlying Action which has been satisfied in part by

Underwriters, with the remainder assigned to Underwriters.  Declaratory relief is sought to determine whether AMCO/Allied can properly do what it did to pay a limited amount of money to purportedly extinguish its continuing duty to defend, which Underwriters contend is contrary to California case law and the duties owed by AMCO/Allied to B&G.

57.     An actual and present controversy exists regarding allocation of the judgment between and among the CGL policy issued by AMCO/Allied and the EPL policy issued by Underwriters, whether AMCO/Allied should pay 100% of that judgment, and whether Underwriters are entitled to reimbursement of all or some of the funds paid toward partial satisfaction of the judgment in the Underlying Action and the remaining portion of the judgment assigned to Underwriters.

58.     Underwriters seek a declaration establishing the duties and obligations of AMCO/Allied under the terms of the CGL policy and as a matter of California law.

59.     Underwriters request that the rights and duties of the parties be adjudged by the court.  There is no adequate remedy at law to resolve the controversy between Plaintiffs and the Defendants.

///

///

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For equitable contribution up to the full amount of the settlement payment made by Underwriters to Elizabeth Brandt in satisfaction of the judgment against mutual insured B&G Development and in full satisfaction of the judgment assigned to Underwriters, in the amount of $4,693,832 plus interest;

2. For equitable indemnity against Defendants with regard to the judgment against mutual insured B&G Development, in the amount of $4,693,832 plus interest;

3. For equitable subrogation that the entire judgment be paid and/or indemnified by Defendants only, in the amount of $4,693,832 plus interest;

4. Damages for breach of insurance contract in an amount to be proved at trial;

5. Damages for breach of the implied covenant of good faith and fair dealing in an amount to be proved at trial, consequential damages, and attorney fees and costs pursuant to *Brandt v. Superior Court*, 37 Cal.3d 813 (1985);

6.  Interest on the judgment and the payment made by Underwriters toward the judgment obtained by Elizabeth Brandt, including prejudgment interest, in a sum to be determined at time of trial;

7.  For a declaration of the rights, duties and responsibilities of Defendants with regard to Defendants' full and complete duty to defend B&G through conclusion of the Underlying Action;

8.  For a declaration of the rights, duties and responsibilities of Defendants with regard to Defendants' duty to indemnify B&G and the consequences of Defendants' failure to settle within its policy limits;

9.  For a declaration of the rights, duties and responsibilities of Defendants regarding their duty to accept a reasonable settlement within policy limits with regard to the Underlying Action;

10. For costs of suits herein; and

///

///

///

///

///

///

COMPLAINT; DEMAND FOR JURY TRIAL

11.   For such other and further relief as the Court may deem just and proper.


Dated:  November 3, 2016

**ROBINSON DI LANDO, APLC**
MICHAEL C. ROBINSON, ESQ.
    and
**COCHRAN, DAVIS & ASSOCIATES**
LISA KRALIK HANSEN, ESQ.


By:   /s/ Lisa Kralik Hansen, Esq.
      Attorneys for Plaintiffs, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER N330039 12 55008**

COMPLAINT; DEMAND FOR JURY TRIAL

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs Certain Underwriters at Lloyd's, London Subscribing to Policy Number N330039 12 55008 hereby demand a jury trial.


Dated:  November 3, 2016

**ROBINSON DI LANDO, APLC**
MICHAEL C. ROBINSON, ESQ.
    and
**COCHRAN, DAVIS & ASSOCIATES**
LISA KRALIK HANSEN, ESQ.


By:   /s/ Lisa Kralik Hansen, Esq.
Attorneys for Plaintiffs, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER N330039 12 55008**

COMPLAINT; DEMAND FOR JURY TRIAL